NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLISERIO PRAXEDIZ-ARISMENDI, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 21-70716 Agency No. A206-236-910 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2025[**]
Portland, Oregon

Before: CALLAHAN, CHRISTEN, and HURWITZ, Circuit Judges.

Cliserio Praxediz-Arismendi, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals ("BIA") decision dismissing his appeal from an order of an Immigration Judge ("IJ") denying his application for withholding of removal and relief under the Convention Against Torture ("CAT").

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review. When, as here, the BIA affirms the IJ's decision citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994) and adds its own reasoning, we review both decisions. *See Gonzalez-Castillo v. Garland*, 47 F.4th 971, 976 (9th Cir. 2022). We examine the BIA's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (cleaned up).

1.      To obtain withholding of removal an applicant must demonstrate that it is more likely than not that his life or freedom would be threatened on account of a protected ground upon return. *See* 8 C.F.R. § 208.16(b); *Aden v. Wilkinson*, 989 F.3d 1073, 1085–86 (9th Cir. 2021). Even assuming that Praxediz's proposed family-based particular social group is cognizable, substantial evidence supports the BIA's finding that his life or freedom would not be threatened on account of his membership in it. There was substantial evidence that Praxediz was not threatened because he was a member of the Praxediz-Arismendi family, but rather because he resisted extortion. A noncitizen's "desire to be free from harassment by criminals motivated by theft . . . bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

2.      Praxediz's opening brief summarily contends that the BIA erred in denying him CAT relief. But it advances no argument as to why the CAT

determination was erroneous. Thus, Praxediz has forfeited any challenge to the agency's CAT analysis by failing to "specifically and distinctly discuss the matter in [his] opening brief." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (cleaned up).

**PETITION FOR REVIEW DENIED.** The stay of removal shall dissolve on the issuance of the mandate.